**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LAMAR COMPANY, L.L.C.,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 07-0119-WS-B** |
| ) | |
| **BALDWIN COUNTY COMMISSION,** ) | |
| *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |


**ORDER**

This matter is before the Court on Plaintiffs' Motion for Remand (doc. 10).  The Motion has been briefed and is ripe for disposition.[1]

**I.      Background.**

On or about January 26, 2007, plaintiffs The Lamar Company, L.L.C., Lamar Advertising of Alabama, and Lamar Advertising of Mobile, Inc. (collectively, "Lamar") filed a Notice of Appeal / Complaint against defendants Baldwin County Commission (the "Commission") and American Outdoor Advertising ("American Outdoor") in the Circuit Court of Baldwin County, Alabama.  (Doc. 7, at Exh. 1.)   Alleging that the Baldwin County Billboard Ordinance violates Lamar's rights, the 8-count Complaint purports to assert causes of action for declaratory judgment, free speech violations, procedural due process violations, equal protection violations, taking without due compensation, permanent injunction/inverse condemnation, breach of agreement, and fraud/misrepresentation and suppression.

Of critical importance to the instant jurisdictional dispute are the constitutional claims

---

[1]      As originally filed, the Motion was styled "Plaintiffs' Motion for Remand and for Sanctions under Rule 11."  Shortly after filing that Motion, however, plaintiffs filed an Amendment to Plaintiffs' Motion for Remand (doc. 11), in which they clarified that they do not seek sanctions against defendants and that the request for sanctions in the style of their Motion was incorrect.  Accordingly, the Court does not consider herein whether sanctions might be appropriate, as plaintiffs have not requested imposition of same.

found at Counts Two through Five (free speech, procedural due process, equal protection, and taking without due compensation). Each of those causes of action references only violations of the Alabama Constitution, and does not purport to state a claim under 42 U.S.C. § 1983 for violation of the United States Constitution. In particular, Count Two alleges that the Commission's sign regulations "are violative of the Alabama Constitution because they improperly regulate speech activity." (Complaint, ¶ 29.) Count Three maintains that the Commission's alleged divergence from certain mandatory procedures in implementing a billboard moratorium and billboard ordinance resulted in such activities being "facially improper under the Alabama Constitution." (*Id.*, ¶ 35.) Count Four asserts that the Commission's enforcement of its regulations, "which are unconstitutional under sections 1, 6, and 22 of the Alabama Constitution, should be enjoined by the Court." (*Id.*, ¶ 41.) And Count Five states that if the Commission is "successful in its effort to remove the subject sign, the Alabama Constitution would require that due compensation be paid." (*Id.*, ¶ 43.)

Notwithstanding Lamar's painstaking efforts to plead only violations of the Alabama Constitution in Counts Two through Five of the Complaint, defendants filed a Joint Notice of Removal (doc. 1) on February 15, 2007, removing this action to this District Court. As their sole and exclusive ground for removal, defendants contend that "[i]n the Complaint, the Plaintiffs allege a deprivation of rights guaranteed to them by the First Amendment, Procedural Due Process Clause of the Fourteenth Amendment, and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." (Notice of Removal, at 2.) On that basis, defendants assert that federal subject matter jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. Plaintiffs now seek to remand this action to the Circuit Court of Baldwin County for lack of federal subject matter jurisdiction, on the grounds that they have brought exclusively state-law causes of action against defendants, such that removal jurisdiction cannot properly be predicated on the existence of a federal question.

## II.    Legal Standard.

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, bears the burden of establishing the existence of federal jurisdiction. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Because removal infringes upon state

sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345  (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

## III.   Analysis.

For this action to be properly removable to federal court, defendants must show either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332.  There being neither facts nor argument from the removing parties to suggest that diversity jurisdiction properly lies here, the propriety of removal hinges on the § 1331 federal question inquiry.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. ... The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) ("In determining whether federal jurisdiction exists, we apply the well-pleaded complaint rule, which requires that we look to the face of the complaint rather than to defenses, for the existence of a federal question.").[2]  The last clause of the quoted portion of *Caterpillar* bears particular

---

[2]       The well-pleaded complaint rule is not without certain caveats and exceptions. For example, the Supreme Court recently reiterated that a federal question sufficient to support federal jurisdiction may exist when a facially state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); *see also Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d

emphasis here.  It is exceedingly clear that a plaintiff "is the master of the complaint, free to avoid federal  jurisdiction by pleading only state claims even where a federal claim is also available."  *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted); *see also King Provision Corp. v. Burger King Corp.*, 750 F. Supp. 501, 503 (M.D. Fla. 1990) ("Removal jurisdiction does not exist simply because the plaintiff could have chosen a federal claim instead of, or in addition to, the state claim advanced.").

Review of the Complaint confirms that this is precisely the situation here.  Had it wished to do so, Lamar undoubtedly could have framed its claims of free speech, procedural due process, equal protection, and takings violations as federal constitutional causes of action brought pursuant to 42 U.S.C. § 1983.  But plaintiffs, the undisputed masters of their Complaint, elected a different course, opting to eschew the federal constitutional angle in favor of an exclusively state-law iteration.  Pursuant to *Caterpillar*, *Hill*, and a plethora of other unequivocal authorities, it was Lamar's right to do so.  The removing defendants cannot conjure federal jurisdiction from the mere fact that plaintiffs <u>could</u> have couched Counts Two through Five as claims under the United States Constitution, when the plain wording of the Complaint confirms that plaintiffs opted not to do so.

In opposition to the Motion to Remand, the Commission first weakly states that each of Counts Two through Five "is presumably a state and federal claim."  (Defendants' Brief (doc. 14), ¶ 1.)  Such a presumption is without foundation.  As pointed out *supra*, Lamar was careful to word the Complaint in such a manner as to leave no doubt that each of those causes of action was based exclusively in the Alabama Constitution, and not its federal counterpart.  As such, the Commission's suggestion that these claims are both state and federal in character amounts to nothing more than wishful thinking.  The Commission then allows, as it must, that plaintiffs' "position with regard to removal is essentially correct" (*id.*, ¶ 4) because there are no federal claims on which § 1331 jurisdiction might be predicated.

---

1308, 1314 (11th Cir. 2004) (explaining that "if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim") (citation omitted).  It is neither suggested nor argued by the removing defendants that any such substantial federal issues are embedded in Lamar's state-law causes of action; therefore, this exception has no application here.

Notwithstanding its capitulation on the subject of jurisdiction, however, the Commission expresses concern "that these nebulous federal claims could again arise" after remand and moves the Court either to dismiss those federal claims or to require plaintiffs "to make a specific averment that they are not making federal constitutional claims against this Defendant." (*Id.*, ¶ 5.) This line of reasoning fails on multiple levels. The suggestion that Lamar has previously attempted to slip nebulous federal claims into this lawsuit is utterly without foundation in the record, insofar as this Court can determine. We are here in federal court discussing imaginary, hypothetical federal constitutional claims not because of anything Lamar did, but because of defendants' precipitous and unwarranted removal of this action despite a dearth of federal claims that might confer jurisdiction. More fundamentally, there being no federal jurisdiction, this Court is not empowered to issue edicts dismissing non-existent federal claims or ordering Lamar to make promises about its claims; rather, all that is left to do is for the undersigned to dismiss this action. *See, e.g., Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (when subject matter jurisdiction is deemed lacking, "the court's sole remaining act is to dismiss the case for lack of jurisdiction"); *University of South Alabama*, 168 F.3d at 410 ("once a federal court determines that it is without subject matter jurisdiction ... the only function remaining to the court is that of announcing the fact and dismissing the case").[3]

## IV.    Conclusion.

For all of the foregoing reasons, the Court concludes that federal subject matter

---

[3]      Even if this Court could properly impose conditions on remand such as those requested by the Commission, it would not do so. That plaintiffs seek remand because their Complaint obviously lacks federal causes of action does not irrevocably commit them to refrain from interposing such claims in the future. To the contrary, these types of amendments are fairly common, and are in no way improper or inconsistent with plaintiffs' position on the Motion to Remand. If, upon return to Baldwin County Circuit Court, plaintiffs amend their Complaint to bring federal claims of any stripe, defendants will have the obvious and effective remedy of removing this action at that time pursuant to 28 U.S.C. § 1446(b), provided that they do so within 30 days of receipt of "other paper" within the meaning of the statute. For that reason, defendants require no anticipatory protection from any change of heart plaintiffs might have at some future date as to the desirability of interposing federal constitutional theories in these proceedings. It would serve the interests of neither fairness nor efficiency to foreclose any such development by sealing off those claims or forcing Lamar to promise, as a condition of remand, that it will bring no federal constitutional claims against the Commission.

jurisdiction over this action is lacking.  As such, plaintiffs' Motion to Remand (doc. 10) is **granted**, and this action is hereby **remanded** to the Circuit Court of Baldwin County, Alabama, for further proceedings.  No costs or attorney's fees will be awarded.

DONE and ORDERED this 29th day of March, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE